## HICKMAN VS GRIFFIN.

AUGUST TERM 1839.

1. Original papers in a proceeding before a J. P. not being duly certified, cannot be read in evidence in the Circuit Court, without some proof of their authority.

2. Where the J. P. has jurisdiction over the person and subject matter, the warrant though defective, is sufficient to justify the constable.

3. The general rule, that a party cannot be allowed to make evidence in his own favor, is not departed from in an action for a malicious prosecution, except upon the ground of necessity. If no other person were present when the felony was committed, the evidence which the defendant himself gave, may be read in evidence in this action.

4. In an action for malicious prosecution the real point of enquiry for the jury is, whether there was probable cause for the prosecution, and not whether the defendant had probable cause to believe the plaintiff guilty, or whether he had probable cause to institute the prosecution.

5. Where the Circuit Court gives erroneous instructions, the error is not cured by the fact that correct institutions accompanied them, as such erroneous instructions may mislead the jury.

| Hickman, vs, Griffin, | 6 | 37 |
|---|---|---|
| | 109 | 291 |
| | 6 | 37 |
| | 58a | 43 |
| | 6 | 37 |
| | 168 4 | 74 |

Opinion of court delivered by Napton Judge.

"Griffin sued Hickman for a malicious prosecution before a justice of the peace. The declaration charged that the defendant (below) appeared before one Glazebrook, a justice of the peace in Cole county, and charged him (Griffin) with petty larceny; and procured said justice to issue his warrant; that he caused said Griffin, by virtue of said warrant, to be arrested, and recognised for appearance at the Cole Circuit Court. The declaration further avers the continued prosecution of plaintiff by defendant before the grand jury, and the refusal of said grand jury to find any indictment. The general issue was pleaded, and the parties went to trial.

On the trial, the plaintiff offered in evidence the warrant of the justice, without proving the hand writing of said justice, which the defendant objected to, but the court permitted the writing to go to the jury.

Plaintiff also read the endorsement on the warrant of the return of the constable, without first proving said constable's hand writing. The plaintiff also proved, that the said constable took plaintiff in custody and carried him be-

AUGUST TERM
1839.

Hickman
vs
Griffin,

fore a magistrate. Plaintiff also gave in evidence the recognizance, which said justice caused him to enter into, and the records of the circuit court of Cole county, reciting the impannelling of the grand jury, their failure to find any bill against Griffith, and the subsequent discharge of Griffith by the court. To the introduction of all this evidence the defendant below objected—but the objection was overruled.

The plaintiff then introduced the justice of the peace, Glazebrook, and proved by him, that the defendant appeared before him, and applied to him for a warrant against Griffin, and that upon his (Hickam's,) application, he (Glazebrook) issued the warrant, being the writing first offered. The defendant proposed to prove, upon the cross examination of said justice, what the defendant swore to before him upon his examination but the court refused to allow the justice to state, what the defendant below had sworn to, the plaintiff having previously proved, that several other witness were present at the time the alleged larceny was said to have been committed.

The plaintiff also proved by said justice (Glazebrook) that he (Glazebrook) caused the plaintiff Griffin to enter into a recognizance to appear at the next term of the Cole circuit court and both plaintiff and defendant gave evidence conducing to show the existence or want of probable cause and malice.

At the instance of the plaintiff, the court then gave the jury, the following instruction. "If the jury believe from the evidence, that the defendant prosecuted the plaintiff upon a charge of larceny, and the plaintiff was acquitted and discharged therefrom, and that, the defendant had no probable cause to believe him guilty of the charge, they will find for the plaintiff."

The defendant also asked for the following instructions which were given by the court.

1. That to enable the plaintiff to recover in this cause, it is necessary they should be satisfied from the evidence in the cause, that the defendant prosecuted the plaintiff in malice, and without probable cause.

2. That if the defendant had probable cause to institute the prosecution, that then they ought to find a verdict in his favor.

3. That it matters not how malicious the motive of Hickam was in prosecuting the plaintiff, yet if they believe from the evidence that Hickam had probable cause for prosecuting him, they ought to find a verdict for the defendant Hickam.

4. That the fact that the justice of the peace, Glazebrook, upon the enquiry before him, recognised the plaintiff in a recognizance, binding him to appear at the Cole Circuit Court, to answer over to the charge mentioned in the prosecution, is evidence of there being probable cause for the prosecution, and that the jury ought to find for the defendant on such evidence, unless the plaintiff prove by other evidence that the prosecution was instituted without any probable cause.

5. That it is not necessary in this action that the defendant should show that the plaintiff was absolutely guilty, to entitle Hickam to a verdict, but that it is only necessary that they should believe from the evidence that the defendant Hickam had probable cause to prosecute him Griffin.

7. That it matters not how small the amount of money stolen from the defendant was, the defendant stands justified in the law for prosecuting the plaintiff, if he had probable cause for the prosecution."

The jury found for plaintiff, and defendant moved for a new trial, on the following grounds. 1. The court permitted the plaintiff to give improper testimony. 2. The court refused to permit the defendant to give all and every part of his testimony. 3. The Court misdirected the jury. Which motion was overruled by the Court, and to reverse this judgment the plaintiff in error has relied on the following points, which I will examine seriatim.

First, That the court erred in permitting the warrant of the justice, the return of the constable thereon, and the recognizance for Griffin's appearance, to be read to the jury, without proof of their execution. Second, That the warrant produced did not run in the name of the State of Missouri,

AUGUST TERM 1839.

Hickman
vs,
Griffin,

Original papers in a proceeding before a J. P. not being duly certified cannot be read in evidence in the Circuit Court, without some proof of their authority.

and consequently, the action should have been trespass vi. et armis. Third, That the court erred, in not permitting Hickam's testimony before the magistrate, to go the jury. Fourth, That the court erred in giving the instruction asked by plaintiff.

1. If the papers of the justice had been duly certified by him, and it appeared from the record, that they were on file in the circuit court, there could be no question of their admissibility, without further proof. But the papers offered were original papers, and there is nothing preserved in the bill of exceptions to show how they got into the Circuit Court. The papers were not admissible without some proof of their authenticity.

But the plaintiff, immediately after the introduction of this testimony, in his examination in chief proved by the justice of the peace, Glazebrook, the identity and authenticity of the warrant and recognizance, and the fact, that the constable, whose name was endorsed on the warrant, had taken the plaintiff in custody and brought him before him, (the justice) for his examination. Whatever therefore might have been defective in the testimony of the plaintiff when first introduced, he proceeded to supply those deficiencies by competent and full proof, and I do not see any good reason for reversing because of this irregularity. If it could be shewn that defendant was anywise prejudiced by this course, it might constitute a sufficient reason with this court, to aside the judgment. But no such injustice appears.

Where the J. P. has jurisdiction over the person and subject matter, the warrant though defective is sufficient to justify the constable. The general rule, that a party cannot be allowed to make evidence in his

It is urged that the warrant, not running in the name of the State of Missouri, was not merely voidable, but absolutely void, and that therefore this action should have been trespass The warrant in this case ran in these words." "State of Missouri County of Cole, ss," after reciting the inducement, it proceded "these are therefore to command you to take the body &c." I am not prepared to say whether this would be a valid warrant or not, under the decisions of this court, but this court in the case of Miller v Brown (3 Mo. Rep. 130) at least declared, that such a warrant was sufficient to justify the constable, the magistrate by whom it was issued having jurisdiction over *the person*

*and subject matter.* The distinctions between case and tres-
pass, as laid down in many of the books, are so exceedingly
refined, that, like the colours of the rainbow, they run into
each other, and would puzzle a man of common sense to
make the discrimination. I hold that case was well brought
here, and that an action of tresspass could not have been
sustained against the constable, merely because of this de-
fect in the process which he served.

3. The defendant, on his cross examination of the jus-
tice, offered to prove what he had sworn to before him, on
the trial of the accused before him (the justice.) This the
court very properly excluded. The general rule that a
party cannot be allowed to make evidence in his own favor
is not departed from in an action of malicious prosecution,
except upon the ground of necessity. If no other person
were present when the felony was committed, the evidence,
which the defendant himself gave, may be read as evidence in
this action. Johnson v Browning 6 Mo. 216 cited in Bay-
ard and Peake 158—311 In that case Hale C. J. allowed
what the defendants wife had testified at the trial of the in-
dictment to be given in evidence on behalf of the husband,
when sued for a malicious prosecution, there having been
no other person present at the commission of the alleged
felony. So also in an action on the statute of Winton, the
party robbed was held a competent witness and the author
remarks "these are the only cases, I believe, in the books,
where parties to the cause have been permitted to give evi-
dence for themselves; and in the latter case, it seems to have
been taken for granted, that the party could not be exam-
ined, though his former evidence was admitted. "Bayard,
and Peake 151 in note—The diction in Buller cited at the bar
(Bullers N. P. 14,) is unsupported by authority, and is con-
tradicted by himself on the next page in which he lays
down the rule as established in Johnson v Browning. In
the case of Hays v Waller (2 Mo. Rep. 222) this court per-
haps extend the rule, and allow what the defendant swore
to on the trial of the indictment, to be read in his defence
on his trial for a malicious prosecution, where it appeared
that he swore to a fact which no one who was present ex-

AUGUST TERM
1839.

Hickman
vs,
Griffin,

own favor, is
not departed
from in an
action for ma-
licious prose-
cution, ex-
cept upon the
ground of ne-
cessity. If no
other person
were present
when the fel-
ony was com-
mitted, the
evidence
which the de-
fendant him-
self gave,
may be read
in evidence in
this action.

AUGUST TERM
1839.

Hickman,
vs,
Griffin,

cept himself borne witness to. Admitting this to be correct, it devolved upon defendant (Plaintiff in error) to shew by the bill of exceptions, that this state of facts existed. Not having done so the judgment of the circuit court on this point must be held correct.

4. The first instruction asked by the plaintiff and given by the court, is open to criticism. Two objections were urged to it, first that the prosecutor's belief of the existence of probable cause is made the test, instead of the existence of probable cause, whether within the knowledge of the prosecutor or not, and second, the jury are not told of the necessity of malice as well as the want of probable cause. The instruction is certainly not sufficiently distinct on this last point, for though malice may be inferred from the want of a probable cause; it is still an essential ingredient in the guilt of the prosecutor, and his liability to the plaintiff. But the subsequent instructions are full and clear on this point and lay down the law with such precision (so far as this point is concerned) that I do not see how the jury could have drawn any inference from the first instruction calculated to prejudice the defendant. The instruction is that if the jury believe from the evidence &c. "that defendant had no probable cause to believe him guilty of the charge, they will find for plaintiff." The true question; as laid down in Mowry v Miller (3 Leigh 565) is not whether the defendant had probable cause to believe the plaintiff guilty, but whether there existed a probable cause for the prosecution, no matter whether the defendant knew of its existence or not.

The second instruction given by the court, at the instance of the defendant, is liable to the same objections. "If the defendant had probable cause to institute the prosecution," is the language of this instruction also, and the words "to institute the prosecution," may well be substituted for the words "to believe him guilty." For if the defendant had probable cause to "institute the prosecution," he had probable cause to believe him guilty," and vice versa, whereas the real point of enquiry for the jury was not whether the defendant had probable cause to believe the plaintiff guilty,.

In action for malicious prosecution the real point of enquiry for the jury is,

or whether he had probable cause to institute the prosecution, but whether *there was probable cause* for the prosecution, thereby refering the jury to the state of facts that existed in relation to the party accused, and not to the knowledge or belief of those facts in the party prosecuting.

Where the court gives erroneous instructions, the error is not cured by the fact that correct instructions accompanied them. Jones v Talbot 4 Mo. R. 274. Mere defective instructions may be supplied, but an instruction, which is erroneous in itself, may mislead the jury. For this reason, the judgment of the Circuit Court is reversed and the cause is remanded."

AUGUST TERM
1839.

Hickam
vs.
Griffin,

whether
there was
probable
cause for the
prosecution,
and not
whether the
defendant has
probable
cause to be-
lieve the
plaintiff guil-
ty, or wheth-
er he had
probable
cause to in-
stitute the
prosecution.
Where the
Circuit Court
gives errone-
ous instruc-
tions, the er-
ror is not
cured by the
fact that cor-
rect instruc-
tions accom-
panied them,
as such er-
roneous in-
structions
may mislead
the jury.

Hayden & Adams for appellant.

"To reverse this judgment the appellant will insist upon the following points and authorities.

1. That the court erred in giving the first instruction asked by plaintiff below.

The warrant of the justice of the peace, the return of the constable thereon, and the recognizance for the pltffs. appearance in the Cole Circuit Court to be read without proof of their execution.

See M'Carty v Sherman 3 John Rep. 429, 2 Starkie Evi. 812. Saunders on Pl. and Evi. 664, side page.

2. The warrant did not run in the name of the State and was therefore void—and the action should have been trespass vi et armis. Fowler vs Watson 4 Mo Rep. 27.

3. That the court erred in not permitting the defendant below to introduce in evidence, the testimony he had given before the magistrate upon the original prosecution, see Haave Waller 3 Mo. Rep. 222—Bullers N. P. 114.

4. That the court erred in giving the instructions asked by the plaintiff below—see 2, Starkie's Evi. Title Malicious Prosecution, page—See 19th Johns Rep. 106, Vanduzor vs Linderman. See 2 Starkie 911, and note 1, et seq, 3d Leighs Rep. 596."

Todd & Hirtley for appellant.

Although the act of the magistrate in acquitting or sending on for further trial is evidence to shew probable cause or not, it is only prima facie, see 2 Murphey 248, 2 John

AUGUST TERM
1839.

Hickam
vs,
Griffin,

203, refered to in 2 Starkie 494 note 1, and it may be rebutted by other evidence that the prosecution was without probable cause. 4 Mun. 462 in same note of Starkie, and although defendant may prove a felony committed, and may throw suspicion of the accused, yet it is insufficient in case of express proof that the defendant knew the prosecution was without foundation, 2 Starkie 496.

And no evidence of malice can be more cogent than that the defendant knew that the plaintiff was innocent, 5 Taunt. 583, 2 Starkie 494 note 6.

4.  The reason of defendant for a new trial is not true in fact as the record shews all his instructions were given and the 5th has been answered in the answer to first three points."