RICHARD MERKLE, Appellant, *v.* C. HENRY OTTEUSMEYER, Respondent.

1. *Action — Malicious prosecution — Landmark.*— A suit brought against defendant for removing plaintiff's landmark, is not itself rendered actionable as a malicious prosecution by reason of the fact that the landmark was wrongly located, the evidence showing that it had been placed there by the proper officer.

2. *Action for malicious prosecution — Malice — Want of probable cause.*—An action for malicious prosecution cannot lie without proof of malice and want of probable cause.

*Appeal from St. Louis Circuit Court.*

*Peacock* and *Cornwell*, for appellant.

*Irwin Z. Smith*, for respondent.

ADAMS, Judge, delivered the opinion of the court.

This was an action for malicious prosecution. The defendant had prosecuted the plaintiff for removing a corner-stone denoting a corner of defendant's lot, which had been placed there by a deputy surveyor of St. Louis county.

On the trial the plaintiff offered to prove that the stone so placed at the corner by the county surveyor was not at the true corner, and the court excluded his evidence and the plaintiff excepted. After all the evidence was closed, the court instructed the jury to the effect that the plaintiff could not recover unless the prosecution was instituted maliciously and without probable cause, and that both malice and want of probable cause must concur to justify a finding for the plaintiff; and also to the effect that if the deputy county surveyor placed the stone, afterwards removed by the plaintiff, on the ground to mark the corner, and if the defendant had reasonable cause to believe that the stone had been removed by the plaintiff, then there was probable cause for the prosecution. The plaintiff objected to these instructions and saved his exceptions and took a nonsuit, with leave to move to set it aside, and afterwards filed this motion, which was overruled.

He took the case to the general term, and the judgment being affirmed, he has appealed to this court.

1. The testimony offered by the plaintiff to show that the corner-stone was not at the true corner was properly ruled out. Whether the stone was at the true corner or not, it had been placed there as a landmark by the deputy county surveyor, and must remain till removed according to law. The plaintiff could not justify its removal by showing that it was not at the true corner. In an action of ejectment he could justify his possession by showing that the stone did not represent the actual corner. But he has no right to take the law into his own hands and remove the landmark, and set up in justification when he is prosecuted, that such landmark, although put there by the proper officer, was at the wrong place.

2. I see no error in the instructions given by the court. The very gist of this action is malice and want of probable cause; both must concur, otherwise there can be no recovery. So if the plaintiff actually removed the corner-stone, and the defendant had reasonable grounds to believe that he had done so, this amounted to probable cause and justified the prosecution.

Let the judgment be affirmed. The other judges concur.