JOSIAH PHELPS, Respondent, *vs.* PACIFIC R. R., Appellant.

1. *Roads, public—Changing and vacation of—Court, County—Statutory proceedings.*—Before a public road can be vacated by the opening of a new road, in accordance with the statute for changing and vacating roads, the County Court must be satisfied that the new road is open and in good condition, and must have made an order vacating the old road. (2 W. S., 1229, § 58.)

*Appeal from the Jackson Circuit Court.*

*J. N. Litton*, for Appellant.

The sole power of vacation is vested in the County Court (G. S., 1865, ch. 52, especially § 12, 45 Mo., 284); and the only way the court could vacate the road was by a strict compliance with the statute. (People vs. Highway Comrs., 16 Mich., 64 ; 45 Mo., 284.)

"If upon the report the County Court be satisfied that the public will not be injured by such change, it shall order the same, and upon satisfactory evidence of such road being opened, the court shall make an order vacating the old road." (2 W. S., 1229, § 58.)

*J. B. Hovey*, for Respondent.

I. The parol evidence of the vacation and non-user of the county road being offered and received without objection, was sufficient to sustain the verdict.

II. The order of the County Court approving the report of the Commissioner, was equivalent to an order vacating the road.

WAGNER, Judge, delivered the opinion of the court.

This was an action commenced by the plaintiff against the defendant under the damage act for killing a cow.

Where the killing took place, the adjoining lands were not fenced, and the question is, whether it was at a public crossing ? There was no attempt made to prove actual negligence. It is conceded that within three years, there was a public road at the place where the accident happened, but it is contended that previous thereto it had been vacated and abandoned. In support of this the records of the county court were produced and given in evidence. They showed a report made by the

road commissioners, recommending a change, and an order of the court receiving and approving the report, and ordering that a change be made in this road, and that the same be marked out according to law and put in good repair for public travel.

One witness testified that he had done some work on the new road, and that was all the evidence there was that the road here in controversy had been vacated.

The statutory provision in relation to changing and vacating roads in force, when this proceeding was had, declared that if upon the report of the commissioner the county court should be satisfied that the public would not be injured by the change, it should order the same; and, upon satisfactory evidence of such road being opened, in good condition, the court should make an order vacating so much of the former road as lay between the different points of intersection, etc. (2 W. St., Ed. of 1870, p. 1229, § 58.)

The only order of the court was that the road so changed should be opened according to law, and put in good repair for public travel.

But before the old road could be vacated, it was necessary that the court should be satisfied that the road as changed was opened and in good condition, and then an order for vacating might be made. No such thing was done here. There was no evidence that the new road was ever opened or put in good condition, or that an order was made vacating the old road. In fact, it does not appear that after making the first order the court ever assumed to act further in the matter.

Although travel might have been diverted in a different direction, still if the road was not legally surrendered or vacated, the public might go upon the same, if they pleased, and the defendant had no right to fence it up. (Indiana Railway vs. Gapen, 10 Ind., 292; 1 Redf. on Railw., 493, § 15.) That a road might be abandoned, and the public lose the right of traveling on it by non-user, is we think, true, but it would require a longer time than intervened in this case to produce such a result. If, then, the place where the cow was

killed was a public crossing or highway, the defendant was not liable without proof of actual negligence. (Meyer vs. North Missouri R. R., 35 Mo., 352; Lloyd vs. Pacific R. R., 49 Mo., 199.)

Wherefore the judgment should be reversed and the cause remanded. ˙

The other Judges concurring.