VANSICKLE *et al.*, *Appellants*, v. BROWN.

1. **Malicious Prosecution**: EVIDENCE: CONDUCT OF ARRESTING OFFICER. In an action for malicious prosecution, evidence that the officer who arrested plaintiff, in making the arrest, conducted himself in an uncivil and insulting manner, is not admissible against the defendant, unless accompanied by evidence that his conduct was instigated by the defendant.

2. ——: ——: RES JUDICATA. In an action for malicious prosecu-

tion instituted by husband and wife against the defendant for caus-ing the arrest and prosecution of the wife on a charge of obstructing the highway, a judgment in favor of the husband against the de-fendant in an action of trespass, is not admissible in evidence on the part of the plaintiffs, where it does not appear from the record, or otherwise, that the existence of the highway was involved in that suit, or where it does appear that the action was begun and judgment was rendered after the institution of the criminal pro-ceedings. The question of probable cause is to be determined by the circumstances existing when the prosecution is begun.

3. ———: ———: ORDER FOR OPENING HIGHWAY. In the foregoing action it appeared that the county court had made an order direct-ing the opening of the highway in question through plaintiff's premises, and had subsequently made another order for the open-ing of a highway through the same premises, and that defendant was proceeding under the first order when plaintiff's wife made the obstruction for which defendant caused her arrest. The second or-der having been offered in evidence to show that defendant had no right to open the road under the first; *Held*, that it was properly excluded, because it did not purport to vacate any established road.

4. ———: ———: VERBAL ORDERS OF COUNTY COURT. In the foregoing action it appeared that defendant, who was a road overseer, had ap-plied to the county court for orders touching the opening of the highway in question, and had received verbal instructions to pro-ceed with the opening under the old order. *Held*, that evidence of these facts was properly admitted, not for the purpose of showing the legality of the road, for verbal orders of the county court have no validity in law, but for the purpose of showing that defendant acted in good faith and without malice.

5. ———: EVIDENCE OF GOOD FAITH. In an action for malicious pros-ecution, the defendant will be allowed to testify that he acted in good faith, and had no ill-feelings against plaintiff. A party to a suit may always testify as to the intention with which he did an act, when it is material to the issues to determine what the inten-tion was.

6. ———: GIST OF THE ACTION. In an action for malicious prosecution, the questions to be tried are: did the defendant, when he instituted the prosecution, believe the plaintiff was guilty, and if so, did he have reasonable grounds for so believing; overruling *Hickman v. Griffin*, 6 Mo. 37. NAPTON, J., dissenting.

7. Hill v. Palm, 38 Mo. 13, re-affirmed.

8. ———: EVIDENCE: WAIVER OF PRELIMINARY EXAMINATION. If a person charged with crime voluntarily waives a preliminary exami-nation and enters into a recognizance to appear at the next term of court, he will be taken to have confessed that there was probable

cause for the charge; proof of these facts constitutes *prima facie* evidence of probable cause. HENRY, J., dissenting.

9. ———: MALICE: PROBABLE CAUSE. An action for malicious prosecution cannot be sustained without showing malice on the part of the prosecutor. Want of probable cause alone is not sufficient. Malice is not an inference of law from want of probable cause. *Sharpe v. Johnston*, 59 Mo. 557.

## Appeal from Knox Circuit Court.

*Hollister & Hollister* for appellants.

1. Plaintiffs' eighth instruction ought to have been given. *Hickman v. Griffin*, 6 Mo. 37.

2. Defendant's first instruction is not the law. It requires the plaintiff to prove that the charge was willfully made by the defendant, and also that the charge was false, and in addition to all that, plaintiff must prove that the defendant was instigated by malice toward the plaintiff in making the charge, and in addition to that, that the charge was made without any reasonable or probable cause, and unless all of these facts be proved to exist to the satisfaction of the jury, they are told to find for the defendant.

3. Instruction two, given on the part of the defendant, is not the law. The voluntary waiving of an examination by a party when arrested, is no evidence of his guilt, and at the very most, if any evidence whatever, it would only be a slight circumstance to show probable cause. But by that act the defendant enters no plea of guilty, acknowledges the commission of no crime, but simply enters into a bond for his appearance to answer the charge.

4. Defendant's third instruction is based upon the evidence as to what the county court verbally told defendant in regard to this road. It tells the jury, in substance, that if the county court, while in session, told the defendant that the road in question was a legal road, then the defendant had a right to open it, and the plaintiff had no right to close it up. We apprehend that if the county

court had even made an order and entered it of record, declaring said road legally established, yet if the petition for said road was not signed by twelve householders of the township in which said road was to be located, and three of them of the immediate neighborhood, the county court would have no jurisdiction even to locate said road or establish the same, and this petition did not comply with the law in that respect. 54 Mo. 234. The verbal orders and directions given by the county court as to defendant's duty in opening said road, were not admissible, as the action of the court is only known by its records.

5. The complaint of William Vansickle against Hugh Brown, the record, judgment and verdict of the jury, tended to prove knowledge on the part of the defendant of the illegality of said road. At the same term of court when defendant procured the indictment to be found against the plaintiff for obstructing a public highway, the defendant was tried and convicted for trespass in opening the same road under the same order, and the court, we think, should have admitted the evidence for the reasons stated in the bill of exceptions.

6. The question asked the defendant by his attorneys, viz: "Did you act in good faith towards the plaintiff in making the affidavit for her arrest?" was asking the witness to state a conclusion of fact, and should not have been permitted. That was a question for the jury to determine. That was the main fact in issue which the jury were to determine from all the circumstances in the evidence.

*Wilson & Cover* with *W. R. McQuoid* for respondent.

1. Plaintiff's eighth instruction was properly refused. Bigelow's Lead. Cases on Torts, 198; *Munns v. Dupont*, 3 Wash. C. C 31; 2 Greenl. Ev., § 454; *Merkle v. Otteusmeyer*, 50 Mo. 49; *Hill v. Palm*, 38 Mo. 13.

2. The plaintiff was bound to show by the evidence that the prosecution against her was instigated by malice and without probable cause. She was required before she

could recover to establish by competent evidence, the concurrence of both malice and the want of probable cause. Defendant's first instruction was, therefore, properly given. Greenl. Ev., § 453; *Casperson v. Sproule*, 39 Mo. 39; *Frissell v. Relfe*, 9 Mo. 859; *Merkle v. Otteusmeyer*, 50 Mo. 49; *Sharpe v. Johnston*, 59 Mo. 557; *Sappington v. Watson*, 50 Mo. 83.

3.   The waiver of an examination and voluntary entering into a recognizance to appear and answer the charge in the circuit court was certainly evidence of probable cause.   See *Sappington v Watson*, 50 Mo. 83; *State v. Railey*, 35 Mo. 168.

4.   The third instruction given for the defendant was predicated on the evidence admitted to rebut malice and to show the good faith of the defendant in opening the road and in prosecuting plaintiff for its obstruction.   The evidence conclusively shows that Brown, as road overseer of his district, was honestly inquiring as to the legal existence of the road, and knowing the county court had exclusive jurisdiction of roads, he very reasonably applied to it for the desired information.   The court informed him that the road was lawfully established, that the order he then had was sufficient authority to open the road, and directed him to proceed and open it.   For these purposes the evidence was proper, and it is immaterial whether the directions of the court were verbal or of record, and if the evidence was admissible the instruction was proper.   If there was no malice the plaintiffs had no cause of action.

5.   The evidence offered by appellant to show bad treatment by the officer in making the arrest, was not admissible.   The State was the plaintiff, and the officer in the execution of the warrant, was in no sense the agent of the respondent.   If he was guilty of cruelty he was answerable for his bad conduct.   This is not an action in trespass.

6.   The proceedings in the case of *William Vansickle v. Brown*, were not admissible.   The action was commenced

after the arrest of the plaintiff, and, therefore, could not be evidence of bad faith, malice or want of probable cause in commencing the prosecution.

HOUGH, J.—At the instance of the defendant, the plaintiff, Susan Ann Vansickle, was arrested for obstructing a public highway in a certain road district, in Knox county, of which defendant was overseer. The plaintiff waived an examination before the justice who issued the warrant for her arrest, and voluntarily entered into a recognizance for her appearance before the circuit court, and was afterwards indicted by the grand jury for the offense for which she had been arrested. A *nolle prosequi* was subsequently entered by the prosecuting attorney, and thereupon the plaintiff instituted the present action against the defendant for malicious prosecution.

At the trial the plaintiff offered to prove that the officer conducted himself in an uncivil and insulting manner towards her when he arrested her. This testimony was excluded by the court, and properly so. For any abuse of his official authority the officer himself should be held liable. It is not intimated that the defendant was in any way connected with or responsible therefor, and the fact sought to be shown was, therefore, wholly outside the issues to be tried. If the plaintiff had offered to prove that the misconduct of the officer was instigated by the defendant, the testimony might have been admissible to show malice.

1. MALICIOUS PROSECUTION: evidence: conduct of arresting officer.

The record in the trespass suit between William Vansickle and the defendant, wherein judgment was rendered against the defendant for tearing down plaintiff's fence and cutting down his trees and destroying his corn, was properly excluded. That action was begun after the arrest of the plaintiff, and the judgment therein rendered after the finding of the indictment, and it does not appear from the record that the existence of the road in controversy was involved in that suit, nor

2. ——: ——: res judicata.

was any evidence *aliunde* offered to show that it was.    Besides, the question of probable cause is to be determined by the circumstances existing when the prosecution was instituted.    Bigelow's Lead. Cases on Torts, 198.

The court also excluded certain proceedings of the county court had in 1871, in relation to the opening of a new road through the premises of the plaintiff, Wm. Vansickle.    We express no opinion as to the validity of those proceedings.    It is a sufficient reason for excluding them that they did not vacate any old road.    An express order of the court was necessary for that purpose.    *Phelps v. P. R. R. Co.,* 51 Mo. 477; Acts 1868, p. 158, § 58.

*3. ——: ——:*
*order for opening*
*highway.*

The proceedings were, therefore, irrelevant.    The road charged to have been obstructed, appears to have been established by the county court in 1868. It appeared in evidence that before opening the road the defendant procured from Joel Sever, who was road overseer in 1868, the order which the county court gave to him to open said road, and then went to the county court while in session, in the year 1872, for advice and an order to open said road, and they told him that he had as good an order as they could give him; that the road had been legally established, and to go on and open it under the order he then had.    The foregoing verbal declarations of the county court to the defendant were admitted against the objections of the plaintiff.    We think they were admissible in evidence to show the good faith of the defendant, and that he acted without malice.    Such statements would not, of course, be admissible to establish the acts or orders of the court, for the purpose of giving validity to acts done thereunder, for it has been repeatedly held that the proceedings of county courts can only be shown by their records.    But the defendant's application to the court for directions in the premises evinced a purpose to ascertain his duty and to faithfully discharge it, and the directions received by him, though verbal, were admissible

*4. ——: ——:*
*verbal orders of*
*county county.*

to explain the motives which actuated him in opening the road and in prosecuting the plaintiff for obstructing it.

The defendant, while on the stand, testified that he acted in good faith, and had no ill-feelings against the plaintiff. This was objected to as incompetent. The objection was properly overruled. When a party to a suit is admitted as a witness, he may testify as to the intention with which he did an act, whenever it is material to the issues to determine what such intention was. *Fisk v. Chester*, 8 Gray 506; *Thacher and .wife v. Phinney*, 7 Allen 146; *Snow v. Paine*, 114 Mass. 520.

This brings us to a consideration of the instructions. The plaintiff complains of the refusal of the following instruction: "The court further instructs the jury that the real point of inquiry for the jury is, whether there was probable cause for the prosecution, and not whether the defendant had probable cause to believe the plaintiff guilty." This instruction is based upon the decision of this court in *Hickman v. Griffin*, 6 Mo. 37.. But the rule there laid down has since been departed from by this court, and the case of *Mowry v. Miller*, 3 Leigh 565, upon which that decision was based, was expressly overruled by the court of appeals of Virginia in the case of *Spengler v. Davy*, 15 Gratt. 381, decided in 1859. In this latter case it was said that "Probable cause consists in the concurrence of belief of guilt with the existence of facts and circumstances sufficiently strong to warrant such belief; or, in other words, that probable cause is substantially belief of guilt founded on reasonable grounds." In *Bacon v. Towne*, 4 Cush. 239, Shaw, C. J., said: "Probable cause does not depend on the actual state of the case, in point of fact, but upon the honest and reasonable belief of the party commencing the prosecution." *James v. Phelps*, 11 Ad. & El. 483, 489. In *Barron v. Mason*, 31 Vt. 189, Redfield, C. J., in defining probable cause, said: "It is not enough to show that the case appeared sufficient to this particular party, but it must be sufficient to induce a

sober, sensible and discreet person to act upon it, or it must fail as a justification for the proceeding upon general grounds." In *Broad v. Ham*, 5 Bing. (N. C.) 722, Tindall, C. J., held the following language : " In order to justify a defendant there must be a reasonable cause, such as would operate on the mind of a discreet man; there must, also, be a probable cause, such as would operate on the mind of a reasonable man; at all events, such as would operate on the mind of the party making the charge ; otherwise, there is no probable cause for him. I cannot say that the defendant acted on probable cause if the state of facts was such as to have no effect on his mind." Erskine, J., said : "It would be a monstrous proposition that a party who did not believe the guilt of the accused should be said to have reasonable and probable cause for making the charge." Bigelow, says : " The question, in short, in these cases is, not whether there was in fact a sufficient cause for the prosecution, (for the acquittal shows that there was not,) but whether the prosecutor, as a reasonable man, believed there was. The very term ' reasonable and probable cause' necessarily implies this." Lead. Cases on Law of Torts, 198. In *Merkle v. Otteusmeyer*, 50 Mo. 49, Judge Adams said, that if the defendant had reasonable grounds to believe that the plaintiff was guilty of the offense charged, that amounted to probable cause, and justified the prosecution. In our opinion that reasonable and probable cause which will relieve a prosecutor from liability is, a belief by him in the guilt of the accused, based upon circumstances sufficiently strong to induce such belief in the mind of a reasonable and cautious man. And the question is not simply whether the defendant believed that he had probable cause, nor is it alone whether there was in fact probable cause, but the question is, did the defendant believe the plaintiff was guilty, and did he have reasonable grounds for so believing. The instruction asked by the plaintiff is less favorable to her than the law as we have declared it. Besides, the law had already been

declared by the court at her instance, substantially as she desired it.

The plaintiff further complains of the action of the court in giving the first, second, third and fifth instructions asked by the defendant. The first instruction is as follows: "The plaintiff charges the defendant with prosecuting her for obstructing a public road, and that such prosecuting was done by defendant willfully, falsely, maliciously and without reasonable or probable cause, therefore, the plaintiff must prove to the satisfaction of the jury that the charge was willfully made by the defendant; that the defendant was instigated by malice toward the plaintiff in making the charge, and that he made the charge without any reasonable or probable cause to believe the plaintiff was guilty, and unless all this be proved to the satisfaction of the jury, they will find for the defendant." This instruction is substantially the same as the instruction which was approved by this court in *Hill v. Palm*, 38 Mo. 23, and being accompanied in this case by other instructions which told the jury that malice might be inferred from the want of probable cause, is, in our opinion, unobjectionable.

*7. HILL v. PALM, 38 MO. 23, RE-AFFIRMED.*

The second instruction complained of is as follows: "If the jury believe from the evidence that the plaintiff, when arrested and taken before the justice of the peace who issued the warrants, voluntarily waived an examination and entered into a recognizance for her appearance at the next term of the circuit court thereafter, such waiver and the giving of such recognizance were evidence of probable cause, and the jury will find for the defendant unless the plaintiff prove by other evidence, to the satisfaction of the jury, that the indictment of plaintiff and her subsequent prosecution was caused by defendant willfully, falsely and maliciously, and without reasonable or probable cause." In the case of *Brant v. Higgins*, 10 Mo. 728, Judge NAPTON, speaking for the court, said : "The magistrate and the grand jury have

*8. ——: evidence: waiver of preliminary examination.*

the very question of probable cause to try; the evidence on the side of the prosecution is alone examined, and the proceeding is entirely *ex parte.* Under such circumstances, the refusal of the examining tribunal to hold the accused over to trial, must necssarily be very persuasive evidence that the prosecution is groundless." On the other hand it has been held that a commitment of the plaintiff is *prima facie* evidence of probable cause; *Graham v. Noble,* 13 Serg. & R. 233; *Bacon v. Towne,* 4 Cush. 217. If the finding of the magistrate on the facts proved before him makes a *prima facie* case, surely waiving an examination and voluntarily entering into recognizance amounts to a confession by the accused that there is probable cause. *Vide, State v. Railey,* 35 Mo. 168.

The third instruction was, in substance, that if the defendant, in his capacity as road overseer, acting under an

9. ——: malice: probable cause.

order of court given to his predecessor, and under the verbal directions of the county court, opened the road in question, and the plaintiff obstructed the same, and the defendant, without malice, prosecuted her therefor, the jury should find for the defendant. We are wholly unable to see any objection to this instruction. Although the defendant may not have had probable cause for the prosecution of the plaintiff, still if such prosecution were not malicious plaintiff cannot recover. The instruction is awkwardly drawn, and it may be that it was the purpose of the draughtsman to recount those circumstances attending the opening of the road and the prosecution of the defendant, which might, in the opinion of the jury, prevent any inference of malice from the want of probable cause. The objection that the instruction was based on testimony which should not have been admitted, is untenable.

The fifth instruction was based upon the advice of counsel, and the only objection made to it is, that the testimony does not show that the defendant used reasonable diligence to ascertain all the facts, and because he did not

make a full statement of all the facts known to him. There was testimony tending to show that he did, and the jury found that he did, and we cannot weigh the testimony. Instruction numbered seven, given at the request of the plaintiff, which was the converse of defendant's instruction, submitted these very questions to the jury, and the plaintiff cannot now be heard to object that they were so submitted. The case was submitted to the jury under instructions, which, taken as a whole, were exceedingly favorable to the plaintiff.

The second instruction given at her instance, is not the law. It virtually makes malice an inference of law from the want of probable cause. As to the inference of malice from want of probable cause, see *Sharpe v. Johnston,* 59 Mo. 557. We are of opinion that the judgment of the circuit court should be affirmed. SHERWOOD, C. J., and NORTON, J., concur. NAPTON, J., adheres to the decision in *Hickman v. Griffin,* and HENRY, J., is of opinion that the second instruction asked by the defendant should not have been given.

AFFIRMED.