## FUGATE v. MILLAR, *Appellant.*

DIVISION ONE.

|109　281|
|168　³ 74|

1.  **Practice:** INSTRUCTIONS. An instruction is rightly refused when it is embodied in those already given.

2.  ———: ———. The giving of an objectionable instruction will not constitute reversible error when, in view of all the other instructions, and the evidence in the case, it is not likely it misled the jury.

3.  **Malicious Prosecution:** INSTRUCTIONS. A series of instructions in an action for malicious prosecution approved.

*Appeal from Mississippi Circuit Court.*—HON. H. C. O'BRYAN, Judge.

AFFIRMED.

*Wilson Cramer* for appellant.

(1)   The conversation of defendant, Fannie Millar, with the prosecuting attorney, relative to the prosecution of James Fugate, was incompetent. *First.* If she advised with him as a public officer, her communications were protected on the score of public policy. 1 Wharton's Evidence [2 Ed.] sec. 603. *Second.* If he acted in his private capacity as her attorney, the conversation between them was privileged and incompetent, without her consent that it might be given in evidence.   (2)   Instruction, numbered 1, given by the court on its own motion, required the jury to find that the attorneys whom plaintiff consulted had advised the criminal prosecution, and is erroneous. *Sharpe v. Johnston,* 59 Mo. 580; *Burris v. North,* 64 Mo. 427. (3)   The court should have given defendant's sixth instruction, in which the offense of larceny is defined, especially in view of the second instruction given on behalf of plaintiff. *Meysenberg v. Engelke,* 18 Mo. App. 346.   (4)   Plaintiff's instruction, numbered 1, is objectionable, because it tells the jury, without proper qualification, that, if they believed that the prosecution was without probable cause, they might infer that it was malicious. *Sharpe v. Johnston,* 76 Mo. 660; s. c., 59 Mo. 557; *Grant v. Reinhart,* 33 Mo. App. 74; *McGarry v. Railroad,* 36 Mo. App. 340. (5)   The fourth instruction, given on behalf of the plaintiff is erroneous, because: *First.* It substitutes for legal malice, as defined in the first instruction, which must exist in addition to want of probable cause, hostile, angry and vindictive motives on the part of

defendant, as though the one were the equivalent of the other. *Second.* Because there is no evidence that defendant acted from hostile, angry and vindictive motives, and no circumstances are shown from which such motives could properly be inferred. (6) The suggestion of the lack of evidence also applies to the sixth instruction. (7) The verdict is not supported by the evidence, and should have been set aside on that ground. (8) The verdict is outrageous, and the conclusion cannot be resisted that the finding of a verdict for $4,000 against a widow under the circumstances detailed in evidence is the result of prejudice.

*Thoroughman & Cantwell* with *J. T. Wilson* and *R. B. Oliver* for respondent

(1) The admission or exclusion of leading questions is a matter of discretion in the trial judge. *Smith v. Hutchings,* 30 Mo. 380; *Wilbur v. Johnson,* 58 Mo. 600. (2) The admission of evidence of collateral facts in civil cases which may, even remotely, prove the main facts is not error, although the progress of the trial might show such evidence to be immaterial, unless such evidence plainly distracted the attention of the jury from the main fact. Even in such a case it is the duty of the party objecting to ask for an instruction which will remove such evidence from the consideration of the jury. *Adriance v. Arnot,* 31 Mo. 471; *Knox v. Labaume,* 18 Mo. 178. (3) Evidence of other specific acts not admissible in actions of malicious prosecution. *Hill v. Palm,* 38 Mo. 13. (4) Jury may infer malice from want of probable cause in commencing criminal prosecutions. (In support of this we cite the same cases cited by appellant to prove the contrary.) (5) Instructions should be construed as a whole. *Reilly v. Railroad,* 94 Mo. 600.

BRACE, J.—This is an action for damages against defendant for maliciously preferring and prosecuting a criminal charge of grand larceny in which the plaintiff was charged with stealing a certain lot of timber, the property of the defendant, of the value of $75, on which the plaintiff was arrested and tried before a magistrate and discharged, and the prosecution ended. The plaintiff obtained judgment for $4,000, and the defendant appeals.

It appears from the evidence that the defendant is the owner of a large landed estate, and the plaintiff was engaged in running a sawmill in the neighborhood; that a parol agreement was made between them by which the plaintiff was to have all or some of the cypress trees fit for lumber on an eighty-acre tract of the defendant to be paid for in lumber; that plaintiff commenced cutting the cypress trees and delivered the greater part of the lumber to the defendant, in pursuance of the terms, when a disagreement seems to have arisen between them as to its terms, defendant contending that the plaintiff was only to have seventy-two cypress trees, and the plaintiff that he was to have all the cypress trees on the tract; the result was a lawsuit before a justice of the peace, in which the defendant recovered a small judgment against the plaintiff, and he appealed to the circuit court. Pending the appeal a survey was made of the defendant's eighty-acre tract, and the fact was disclosed that some of the trees cut and for which she had charged in her account was not on the land, and she dismissed her suit.

The plaintiff, by his hired hands, continued cutting and hauling the cypress trees to his mill as before, and the defendant caused a notice to be served upon him and his workmen to cease so doing, which notice he neglected or refused to obey, and thereupon she instituted a criminal proceeding by swearing out a warrant

against him for grand larceny. The plaintiff was arrested, brought before an examining magistrate, and prosecuted by the defendant and her attorney, a nephew of hers, who also had been her attorney in the civil suit, and the plaintiff discharged. Afterwards, she appeared before the grand jury, but no bill was found.

It appears plainly from the evidence that there was no probable cause for the prosecution, and there was evidence tending to prove malice. Several objections are urged against the action of the court in admitting evidence for the plaintiff and rejecting evidence for the defendant; but upon a careful reading of the whole evidence, and a consideration of each of these objections, we find no reversible error in the rulings of the court in this behalf. The case was submitted to the jury on the following instructions:

At the request of the plaintiff: "1. If the jury believe from the evidence that the prosecution of the plaintiff before W. G. Lee, a justice of the peace, was without probable cause on the part of defendant, Fannie Millar, then you may infer that said prosecution was malicious, and if you so find you ought to return a verdict for the plaintiff. By 'probable cause' is meant a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the accused is guilty of the offense with which he is charged. 'Malice' means a wrongful act done intentionally without legal justification or excuse.

"2. If you believe from the evidence that the defendant wilfully, maliciously and without probable cause did swear to and make affidavit before W. G. Lee, a justice of the peace, and did falsely and maliciously and without probable cause charge the plaintiff with having committed grand larceny by feloniously stealing, taking and carrying away a quantity of her

timber, and did wilfully, falsely and maliciously, and without probable cause, procure and cause the arrest of plaintiff upon said affidavit and the warrant issuing upon it, and did thereby require and compel plaintiff to give bond for his appearance to answer said alleged offense, and that plaintiff was, in accordance with the conditions of said bond, compelled to appear before said W. G. Lee, and that he did appear and was by said W. G. Lee discharged, then your verdict should be for the plaintiff.

"3. The issue for the jury to try in this case is, not the guilt or innocence of James Fugate of the crime alleged against him in the affidavit, but the issue is, whether from the facts and circumstances given in evidence, the defendant acted maliciously and without probable cause; and on this issue you are further instructed by the court, that the discharge of the plaintiff, by W. G. Lee, the examining justice, is *prima facie* evidence that the prosecution was without probable cause, but not conclusive proof of that fact.

"4. If the jury find from the evidence that the defendant in said prosecution was actuated with hostile, angry and vindictive motives against the plaintiff, and that said prosecution was without probable cause, as defined in instruction, numbered 1, on the part of the plaintiff, then, in that event, you should find a verdict for the plaintiff.

"5. The court further instructs you that the defendant cannot shield herself under the advice of counsel, unless she shows that she communicated to such counsel all the facts bearing upon the guilt or innocence of the accused, which she knew or by reasonable diligence could have ascertained.

"6. Even if the jury should find from the evidence that the defendant, prior to such prosecution, communicated to counsel, learned in the law, all the

facts as defined in instruction, numbered 5, for the plaintiff, yet, nevertheless, if you should further find that said prosecution was commenced or carried on at the instance of defendant, and that it was without probable cause, and that such counsel was not consulted by her in good faith, but that she was actuated in consulting said counsel, and in commencing or carrying on said prosecution with angry passions and a hostile desire to injure and wrong the plaintiff, then the opinion and advice of such counsel is of no avail as a defense in this cause."

"The court instructs you that, if you should find the issues for the plaintiff, you may take into consideration, in estimating his damages, and award to plaintiff the money expended by him in defending against the criminal charge preferred against him by defendant; also the pecuniary loss he has sustained, if any, for loss of time preparing and making his defense thereto; also such sum as will compensate him for mental anxiety occasioned by reason of said charge, and for mental suffering occasioned by said arrest, if you believe such was the case, together with such exemplary damages as you may from the evidence believe the defendant should be punished with, taking also into consideration her personal ability, not exceeding the amount sued for in the petition.

"The court instructs the jury that, if you believe from the evidence that in 1886 defendant contracted with plaintiff to sell and did sell all the cypress timber standing and growing on the west half of the southeast quarter of section 30, township 25, range 16, for the sum of $75, to be paid for in sawed lumber at $12.50 per thousand feet, then, in that event, the defendant had no probable cause for commencing said criminal prosecution."

At the request of the defendant: "1. The

court instructs the jury that the prosecution against the plaintiff, James Fugate, for the institution of which he brings the present suit, was based on the affidavit of the defendant, Fannie Millar, charging that the said James Fugate did wilfully, maliciously, unlawfully and feloniously cut down, steal, take and carry away a certain quantity of wood and growing trees, standing, growing and being on the west half of the southeast quarter of section 30, township 25, range 16, alleged to belong to the said Fannie Millar, and that it rests upon the plaintiff in this case to show to your satisfaction that said prosecution was instituted maliciously and without probable cause; that, before you can find a verdict in favor of the plaintiff, you must be satisfied from the evidence that both malice and the want of probable cause concurred, and unless you do so find your verdict must be for the defendant.

"2.    The term 'malice' as used in law is defined to be a wrongful act done wilfully, without just cause or excuse; that probable cause is a belief in the guilt of the accused, based upon circumstances sufficiently strong to induce such belief in the mind of a reasonable and cautious man.

"3.    Plaintiff cannot recover in this action, unless you shall be satisfied from the evidence, not only that there was no probable cause for the prosecution of the said Fugate, but that the defendant, Fannie Millar, in making the affidavit, acted with malice; that, if from the testimony you shall find that there was probable cause, no malice, however distictly proven, will make the defendant liable.

"4.    If you shall believe from the evidence that the defendant, Fannie Millar, before making the affidavit upon which the plaintiff was arrested, consulted in good faith with one or more attorneys at law with a view to obtain their advice as to the liability of the

said James Fugate to criminal prosecution; that she communicated to such attorneys all the facts within her knowledge, or that she might have learned by reasonable diligence bearing on the guilt or innocence of the said James Fugate of the crime alleged, and the said attorney or attorneys gave it as their legal opinion that, under the circumstances detailed to them, the said Fugate was liable to such criminal prosecution, and that thereupon said prosecution was begun and carried on by the said Fannie Millar in good faith, and in pursuance of the opinion expressed to her by said attorneys or either of them, then said prosecution was not malicious, and the jury, so finding, should return their verdict for defendant.

"5.    Although you may find the evidence that upon an examination by the committing magistrate of the complaint made against the said James Fugate, as stated in the first instruction, Fugate was discharged, yet, if from the evidence in this cause, you shall believe that at the time the said Fannie Millar made the affidavit against him there was probable cause for his arrest and prosecution, then plaintiff cannot recover, and your verdict must be for the defendant."

By the court on its own motion: "1. The question for the jury to determine in this cause is not whether James Fugate was guilty or innocent of the charge made against him in the affidavit of Fannie Millar, but whether, from the facts and circumstances given in evidence in this trial, Fannie Millar acted maliciously and without probable cause in making the affidavit and causing Fugate's arrest.

"Now if you shall believe from the evidence in this cause that Fannie Millar sold to Fugate seventy-two cypress trees growing on the land, and that Fugate cut and carried off said number; that she then had notice

served on Fugate, requiring him to remain off of her land and desist from cutting other timber thereon, and shall further find that Fugate after that entered upon her land and cut other timber; that she then consulted with lawyers and laid before them the facts of the cause, and said lawyers advised her to institute the criminal suit, then in such case there was probable cause for the prosecution, and if you further believe she did institute the criminal charge in good faith, with the view to protect her property, then you should find the issues for defendant, notwithstanding Fugate was discharged by Lee on the investigation of the charge made against him, and it subsequently turned out that he was innocent on said charge."

I.   The court seems to have given all the instructions except one that the defendant asked for, and that one was properly refused because everything it contained essential to the defense was given in other instructions.   The second paragraph containing a definition of grand and petit larceny shed no additional light on the issues submitted, and was not called for by the evidence in the case.   The affidavit of the defendant contained an unequivocal charge of grand larceny.

II.   The first instruction given for the plaintiff was evidently copied from instructions given for the plaintiff in *Sharpe v. Johnston*, 59 Mo. 557; and when read in connection with the instructions given for the defendant it appears that while the jury were advised that an inference of malice might be made from the want of probable cause, yet it was simply one of fact, not conclusive, but an allowable inference to be weighed with all the other facts and circumstances in the case, from which they must find malice affirmatively as an independent fact before the plaintiff could recover.   When the instructions are considered as a whole in the light of all the facts and circumstances in

evidence in the case, it is not at all likely that the jury were misled by this instruction, and the judgment should not be reversed because of it. *Sharpe v. Johnston,* 76 Mo. 660; 59 Mo. 557; *Casperson v. Sproule,* 39 Mo. 40; *Williams v. Van Meter,* 8 Mo. 339; *Hickman v. Griffin,* 6 Mo. 37; 14 American & English Encyclopedia of Law, p. 47, note 1.

III. It is not seen how the fourth instruction which predicated a right of recovery upon express malice and want of probable cause could have injuriously affected the defendant's case, and there was evidence upon which that and the sixth instruction for the plaintiff might well have been based, in all the facts and circumstances of the case.

IV. The instruction given by the court upon its own motion was a very favorable presentation of the defendant's case upon her own theory, and of it the defendant has no cause to complain. The word "advised" used in that instruction succinctly embodied the impression which she, by her evidence, tried to make upon the jury as to the motive of her action, and is not obnoxious to criticism when read in connection with instruction, numbered 4, for the defendant, which fully illustrates the sense in which the word is used in this instruction.

V. No complaint is made against the instruction upon the measure of damages, nor is there ground for any; nor do we discover in the amount of the verdict or the circumstances of the case any evidence upon which to base the suggestion that the verdict was the result of prejudice or passion upon the part of the jury.

Finding no reversible error in the record the judgment will be affirmed. All concur, except BARCLAY, J., absent.