[No. 2,384.]

R. B. ARMSTRONG, J. P. SHELDON, AND W. H. DAVIS (TRADING AND DOING BUSINESS AS ARMSTRONG, SHELDON & Co.) *v.* CHARLES W. DAVIS.

SURPRISE AS GROUND FOR NEW TRIAL.—Where, in an action for goods sold and delivered, the defendant in his answer set up a promissory note as a counterclaim, which purported on its face to have been made for value received, and the plaintiffs, in an answer to defendant's cross complaint, alleged that the note was given without consideration; *held,* that testimony on the trial by the defendant, in support of the averments in his answer as to the making of the note and the consideration therefor, did not constitute such a surprise to the plaintiffs as to entitle them to a new trial.

NEWLY DISCOVERED EVIDENCE—Sufficient to support a motion for new trial considered.

APPEAL from the District Court of the Fifteenth Judicial District, City and County of San Francisco.

This was an action brought for goods sold and delivered, amounting to three thousand and forty-two dollars. The defendant interposed several defenses in his answer to the complaint by way of counterclaim, one of which was the following:

"And the defendant, further answering the plaintiffs' complaint, and for a further and other counterclaim against said plaintiffs, avers and shows to this Court that 'the above named plaintiffs, on the 23d day of December, 1867, by their promissory note in writing, for value received, promised to pay to this defendant or order the sum of two thousand dollars, in gold coin of the United States, sixty days from the date thereof, with interest thereon at one and one quarter per cent per month; and that plaintiffs have not paid the same nor any part thereof, but are justly indebted to the defendant therefor, in the said sum of two thousand dollars and interest at said rate from December 23d, 1867. And defendant says that the following is a copy of the said promissory note made, executed, and delivered to defendant by plaintiffs (duly stamped) at said city and county, at the date thereof, viz:         -   ○

"$2,000 00.
                    "SAN FRANCISCO, December 23d, 1867.
"Sixty days after date, without grace, we promise to pay to Chas. W. Davis or order the sum of two thousand dollars, payable only in gold coin of the Government of the United States, for value received, with interest thereon at the rate of $1\frac{1}{4}$ per cent per month from date until paid.
                              "ARMSTRONG, SHELDON & Co.
"No. ——. Due.

"And defendant says that he is now the owner and holder of said note, and that the same is past due and no part thereof has been paid."

The plaintiffs filed an answer to the defendant's cross-complaint, in which they reply to the matter in regard to the promissory note, as follows:

"And for answer to the second count or cause of action set forth in said answer or cross-complaint, plaintiffs admit the execution by them of the promissory note therein set forth, but deny that they executed the same for value received, and deny that the same was executed by them for a valuable or for any consideration; and allege the fact to be, that said note was executed and delivered by them to said defendant without any consideration whatsoever paid or given by said defendant therefor to them, or to any person for their use; and plaintiffs deny that they are now, or were at the time this action was commenced, or at the time said answer and cross-complaint was filed, indebted to said defendant in the sum of two thousand dollars, or any other sum of money whatsoever, upon said promissory note or in any amount of interest thereon; and plaintiffs allege the fact to be, that, at the request of said defendant and for his accommodation, and for no other purpose whatsoever, and without any consideration whatsoever by them received therefor, and for the purpose of enabling said defendant to borrow the sum of two thousand dollars, by discounting said note, they did, on the day of the date of said note, execute and deliver the same to said defendant, to be by him discounted for his accommodation, and that at the time of said execution and delivery said defendant promised to protect and pay the said note at its maturity; and that, at the same time with the execution of said note, and as a part of the same transaction, said defendant executed and delivered to these plaintiffs his promissory note of the same tenor and effect as that set forth in said answer, whereby he promised to pay to plaintiffs two thousand dollars in United States gold coin, sixty days after date thereof, with interest thereon

from date thereof until paid, at the rate of one and one quarter per cent per month, in like gold coin; that said note is long past due and payable, and that defendant has not paid the same or any part thereof, and that the whole of the principal sum and interest specified in said promissory note to be paid by defendant is now due, unpaid, and payable to plaintiffs from defendant."

The case was tried by the Court with a jury. At the trial the defendant testified that the promissory note set out in the answer was executed and delivered on the day of its date, early in the morning, at the residence of the defendant, in consideration of two thousand dollars, in gold coin, on that day loaned by him to the plaintiffs.

The plaintiff Sheldon testified that the defendant did not give him any money at that time or place; that he (Sheldon) was at that time at his own residence, two miles away; that he was not at the defendant's house on that day; that the note in question was given as an accommodation note, and was executed in the afternoon of that day at the plaintiffs' place of business. The defendant subsequently testified that he was not at the plaintiffs' place of business on that day, but remained in the vicinity of his own house throughout the entire day. Other evidence was introduced. The verdict and judgment were for the defendant. The plaintiffs moved for a new trial, on the ground of surprise and newly discovered evidence, and in support of the motion the plaintiff Sheldon filed an affidavit stating that he was surprised by the testimony of the defendant, and that he had no intimation, from the pleadings or otherwise, that such testimony would be given. He also filed affidavits by Charles Randall and William H. Davis, that they saw and talked with the defendant about the middle of the 23d of December, 1867, at the office of the plaintiffs. The motion was denied, and the plaintiffs appealed.

*Jarboe & Harrison,* for Appellants, argued that the testimony of the defendant operated as a surprise upon the plaintiffs; that it was a surprise against which ordinary prudence could not have guarded, and for which a new trial should have been granted; citing *Daniel* v. *Rose,* 1 Nott. McCord, 34; *Dow* v. *Watson,* 28 Miss. 383; *McFarland* v. *Clark,* 9 Dana, 134; *Seely* v. *Chittenden,* 4 How. Pr. 265; *Sargent* v. *Dennison,* 5 Cowen, 106; *Parshall* v. *Klinck,* 43 Barb. 203; *Adams* v. *Bush,* 2 Abb. (N. S.) 104; *Millar* v. *Field,* 3 A. K. Marsh, 110; *Fabrilius* v. *Cook,* 3 Burr. 1771; *Lister* v. *Mandel,* 1 Bos. & P. 429; *Wehrkamp* v. *Willet,* 1 Daly, 4. As to the newly discovered evidence, they cited *Atken* v. *Bemis,* 3 Wood & M. 358; *Parshall* v. *Klinck,* and *Adams* v. *Bush,* supra; *Waller* v. *Graves,* 20 Conn. 303; *Simons* v. *Hay,* 1 E. D. Smith, 107; *Oakley* v. *Sears,* 1 Abb. (N. S.) 368.

*Henry J. Howe,* for Respondent, cited *Schellhouse* v. *Ball,* 29 Cal. 609; 3 G. & W. on N. T. 895; *Live Yankee* v. *Oregon Co.,* 7 Cal. 40; *Taylor* v. *California Stage Co.,* 6 Cal. 228; *Turner* v. *Morrison,* 11 Cal. 21; *Klockenbaum* v. *Pierson,* 22 Cal. 160; G. & W. on N. T. vol. 3, p. 1,023; *Smith* v. *Richmond,* 15 Cal. 502; *Nooney* v. *Mahoney,* 30 Cal. 226; *Peters* v. *Foss,* 16 Cal. 357; *Drake* v. *Palmer,* 2 Cal. 181; *Watson* v. *McClay,* 4 Cal. 288; *Hastings* v. *Steamer Uncle Sam,* 10 Cal. 341; *Burnett* v. *Whitesides,* 15 Cal. 35; *Quinn* v. *Kenyon,* 22 Cal. 82; *Patterson* v. *Ely,* 19 Cal. 35; *Brooks* v. *Douglas,* 32 Cal. 211, as to surprise; and as to newly discovered evidence, he cited *Bartlett* v. *Hogden,* 3 Cal. 55; *Brooks* v. *Lyon,* id. 113; *Barret* v. *Gibson,* id. 396; *Live Yankee Co.* v. *Oregon Co.,* 7 Cal. 42; *Berry* v. *Metzler,* id. 418; *Taylor* v. *California Stage Company,* 6 Cal. 228; *Gaven* v. *Dopman,* 5 Cal. 342; *Baker* v. *Joseph,* 16 Cal. 173; *Klockenbaum* v. *Pierson,* 22 Cal. 160; *Spencer* v. *Doane,* 23 Cal. 418; *Aldrich* v. *Palmer,* 24 Cal. 513; *O'Brien* v. *Brady,* 23 Cal. 243; *Weddle* v. *Stark,* 10 Cal. 301; *Peck* v. *Hiler,* 3 Barb. 655.

By the Court, CROCKETT, J.:

The plaintiffs moved for a new trial on the ground of surprise and newly discovered evidence, and, the motion having been denied, they have brought this appeal. The alleged surprise is founded on the fact that at the trial the defendant testified that a promissory note of the plaintiffs for two thousand dollars, held by him, was executed and delivered on the day of its date, at the residence of the defendant, in consideration of that sum in gold coin, on that day loaned by him to the plaintiffs; whereas the plaintiffs allege that no sum whatever was loaned to them by the defendant; that the note was an accommodation note made by them, without having received any valuable consideration therefor, and for the sole accommodation of the defendant, to enable him to raise money thereon for his own use, and on his promise to pay the note at maturity, in case he should procure the same to be discounted. The note on its face purports to have been made for value received; and the defendant, in his answer, sets out a copy of the note and relies upon it as a valid counterclaim. With this answer before them, it is difficult to understand how the plaintiffs could have been surprised when the defendant testified that the note was given for a valuable consideration, and was not made for his accommodation. After setting it up in his answer as a counterclaim, and after the plaintiffs had distinctly taken issue upon the averment that the note was made for a valuable consideration, they could not well have been surprised that the defendant attempted to make good by proof a fact distinctly put in issue in the pleadings. The note itself was prima facie evidence that it was made for a valuable consideration, and the onus was on the plaintiffs to rebut this presumption. Under all the facts, the plaintiffs have shown no such surprise as entitled them to a new trial on that ground.

In respect to the newly discovered evidence, if it be con-

ceded that the plaintiffs were guilty of no laches in failing to produce it at the trial, and that it is material and pertinent, it is, nevertheless, liable to the objection that it is only cumulative. But if it were not, we do not think it is so conclusive in its character as to raise a reasonable presumption that the result of a second trial would be different from the first.

Order denying new trial affirmed.