## CHARLESTON.

BRADY *v* STILTNER.

Submitted January 29, 1895—Decided March 30, 1895.

1. CRIMINAL LAW — PRELIMINARY EXAMINATION — PROBABLE CAUSE.
   The waiver of a preliminary examinaton by a person charged with crime is *prima facie* evidence of probable cause.

2. CRIMINAL LAW—PROBABLE CAUSE— PRELIMINARY EXAMINATION—GRAND JURY.
   "The discharge by a justice of the plaintiff who has been arrested and brought before him for examination or the refusal of the grand jury to indict him is *prima facie* evidence of want of probable cause but it is liable to be rebutted by proof." When

the refusal of the grand jury to indict is opposed to the refusal of the justice to discharge, one rebuts the other, so as to render neither *prima facie* evidence of the existence or want of probable cause; and, if the plaintiff manages in any way to have the evidence for his defense considered by the grand jury, their finding is tantamount to an acquittal by a petit jury, and is not *prima facie* evidence of the want of probable cause on the part of the prosecutor.

W. E. R. BYRNE for plaintiff in error, cited 1 Hill. Torts, c. 16, § 27b; 2 Green. Ev. § 455; 15 S. E. Rep. 591; 22 W. Va. 234; 4 Mun. 462; 38 Am. Dec. 228; 31 Id. 442; 14 Am. & Eng. Ency. Law 63-70; 84 Va. 205; 10 Mo. 728; 68 Mo. 627; 51 Cal. 140; 41 Fed. Rep. 898.

DENT, JUDGE:

This is a case of malicious prosecution of G. L. Brady, plaintiff, against F. P. Stiltner, defendant, from the Circuit Court of Webster county. The facts are as follows, to wit:

In a certain suit between the plaintiff and the defendant the matter in dispute appears to have been whether said defendant agreed to charge twenty five cents or fifty cents for the effectual services of a certain animal, each time such animal was used. The plaintiff testified that the defendant agreed with him only to charge him twenty five cents. Thereupon the defendant made the necessary affidavit that the plaintiff had sworn falsely, and caused a warrant to issue, on which the plaintiff was arrested, and, being brought before the justice, waived examination on the charge, and gave a recognizance for his appearance before the Circuit Court to answer an indictment. When the grand jury met to inquire of the charge, after the defendant's evidence had been heard, plaintiff had his two sons and attorney sworn and sent before the grand jury to testify regarding the charge. The grand jury failed to find an indictment and the plaintiff was discharged. He then sued the defendant for malicious prosecution, and obtained a judgment for six hundred dollars. From this judgment a writ of error was granted the defendant, who here relies on the following errors, to wit:

"*First.* That the court erred in giving the following three instructions for the plaintiff: 'No. 4. The court instructs the

jury that if they believe from the evidence that P. F. Stiltner made a complaint before J. A. Howell, justice, accusing defendant G. L. Brady, with committing perjury, and if the said Brady waived an examination before the justice, and was required to enter into a recognizance to appear before the Circuit Court to answer an indictment to be preferred against him by the grand jury, and if the said Stiltner appeared before the grand jury as a witness against said Brady, and if the grand jury refused or failed to find an indictment against said Brady for the alleged offense, and he was discharged by the court, it is *prima facie* evidence of want of probable cause on the part of said Stiltner in making the accusation against said Brady and procuring his arrest, and it throws the burden of proof upon said Stiltner to show that he had probable cause in making the accusation aforesaid, and the jury have the right to infer malice on the part of said Stiltner if it appears that there was want of probable cause.' 'No. 7. The court instructs the jury that what will or will not amount to probable cause will depend upon the circumstances of the case, and the discharge of the plaintiff, Brady, by the grand jury is *prima facie* evidence of the want of probable cause, and sufficient to throw upon the defendant, Stiltner, the burden of proving the contrary.' 'No. 8. The court instructs the jury that it is the duty of a grand jury to indict a person who is charged with an offense, and recognized to appear before the Circuit Court to answer an indictment to be preferred against him; and if it appears by the testimony before the grand jury that there is probable cause of the guilt of the person it is the duty of the grand jury to indict him, and, if they fail or refuse to indict, it is *prima facie* evidence that there was want of probable cause.' "

"*Second.* The court erred in refusing to give the following instructions for the defendant: 'No. 1. The jury is instructed that if they believe from the evidence that the defendant believed, either from facts within his own knowledge or from information derived from others that the plaintiff made the false statement on oath as stated in the complaint upon which the warrant of arrest was issued by the justice, then the defendant had probable cause upon which to base such complaint,

and the jury should find for the defendant.' 'No. 2. The jury is instructed that if they believe from the evidence that the plaintiff was arrested upon a warrant issued upon a complaint made by the defendant, and taken before a justice for examination, and that the plaintiff waived such examination, and entered into a recognizance to answer an indictment upon the matter charged in said complaint, then such waiver is *prima facie* evidence that there was at least probable cause sufficient to justify the defendant in making the said complaint.' 'No. 4. The jury is instructed that if they believe from the evidence in this case that there was probable cause sufficient to warrant the justice in holding the plaintiff to answer an indictment, then it is immaterial whether the grand jury found such indictment or not, or whether or not there was evidence sufficient to warrant the grand jury in finding such indictment.' 'No. 8. If the jury believe from the evidence that the plaintiff or his attorney went before the grand jury, or sent any witness or witnesses before the grand jury, to prevent the finding of an indictment against the plaintiff upon the charge set forth in the declaration, that is a circumstance bearing upon the question of probable cause proper to be considered by the jury.' "

The real question involved is whether the defendant had probable cause to justify him in his prosecution of the plaintiff for perjury. "Probable cause" is a question of law, to be determined from the facts proven, and is defined, in the case of *Vinal* v. *Core,* 18 W. Va. 2, to be "a state of facts actually existing known to the prosecutor personally, or by information derived from others," "which, in the judgment of the court, would lead a reasonable man of ordinary caution, acting conscientiously upon these facts, to believe the party guilty." The proof of want of probable cause is with the plaintiff, but any evidence sufficient to raise a *prima facie* case is all that is required to overcome the weak presumption of its existence, and to cast the burden of proof on the defendant. In the case of *Vinal* v. *Core, supra,* it was held in the sixteenth point of the syllabus that "the discharge by a justice of the plaintiff who has been arrested and brought before him for examination, or the refusal of the grand jury to

indict him, is *prima facie* evidence of a want of probable cause, but it is liable to be rebutted by proof." The reason given for this rule in Judge Green's opinion is, in effect, that the only question presented to either the justice or the grand jury is whether there is probable cause of the guilt of the accused, and a discharge of the accused is a negative determination of this question in his favor sufficient to raise a presumption of its non-existence. And the converse of the proposition has also been held, that the refusal to discharge raises the presumption that probable cause does exist. *Maddox* v. *Jackson*, 4 Munf. 462; *Grant* v. *Deuel*, 38 Am. Dec. 228; *Womack* v. *Circle*, 29 Gratt. 192. And it has also been held that where, on examination, the justice commits, and the grand jury fail to find an indictment, the action of one merely off-sets, neutralizes or destroys the other, so as to render both or either of them valueless to establish a *prima facie* case either for or against the plaintiff, and thus leaves the want of probable cause to be established by other testimony. *Miller* v. *Railway Co.*, 41 Fed. 898. It has also been held that the waiver by the accused of a preliminary examination was *prima facie* evidence of probable cause. *Vansickle* v. *Brown*, 68 Mo. 627.

In determining whether the prosecution was founded on probable cause, the existing state of facts must be viewed from the standpoint of the prosecutor, and not from that of the accused. For this reason trial and acquittal do not raise the presumption of the want of probable cause. *Griffin* v. *Chubb*, 7 Tex. 603; *Griffis* v. *Sellars*, 2 Dev. & B. 492; *Bitting* v. *Ten Eyck*, 82 Ind. 421; *Heldt* v. *Webster*, 60 Tex. 207; *Williams* v. *Van Meter*, 8 Mo. 339; *Stone* v. *Crocker*, 24 Pick. 81; *Thompson* v. *Rubber Co.* (Conn.) 16 Atl. 554

Verdict of acquittal may be given notwithstanding probable cause, because there is not proof of guilt beyond a reasonable doubt. But the magistrate and grand jury have the very question of probable cause to try, and the evidence on the part of the prosecution is alone examined, and the proceeding is entirely *ex parte*, at least so far as the grand jury is concerned. In Wharton's Criminal Pleading and Practice (section 360) the law is stated to be: "The question before

the grand jury being whether a bill is to be found, the general rule is that they should hear no other evidence but that adduced by the prosecution." And in section 362, quoting from McKean, C. J., of Pennsylvania: "It is the duty of the grand jury to inquire into the nature and probable ground of the charge; but it is the exclusive province of the petit jury to hear and determine, with the assistance and under the direction of the court, upon points of law, whether the defendant is or is not guilty on the whole evidence for and against him. You will therefore readily perceive that, if you examine the witnesses on both sides you do not confine your consideration to the probable grounds of charge, but engage completely in the trial of the cause; and your return must consequently be tantamount to a verdict of acquittal or condemnation." Therefore, if the grand jury, by reason of misconduct or procurement of any one, hears the evidence both against and for the accused, their examination ceases to be confined to the question of probable cause, and their return, as quoted above, is "tantamount to a verdict of acquittal or condemnation," and, in case of acquittal, should not be held to be *prima facie* evidence of want of probable cause. Such is the rule in California, where the accused is permitted to appear before the grand jury with his witnesses. *Ganea* v. *Railroad Co.*, 51 Cal. 140. So it might be said of the examination before the magistrate, who hears all the evidence both against and for the accused, and determines from the whole evidence whether probable cause exists. To hold that a discharge by him is *prima facie* evidence of the want of probable cause is to contravene the other rule, which is just as binding, that, in determining whether the prosecution was sustained by probable cause, the facts must be examined from the standpoint of the prosecutor at the time of the institution of the prosecution. A magistrate might well say, after hearing all the evidence, that there was not sufficient cause to hold the accused, while the facts known to the prosecutor, unexplained, might be amply sufficient to convict the accused beyond even a reasonable doubt. For instance, a man's property is stolen. It is found in the possession of another party, who refuses to it give up or tell where

he obtained it. He is arrested, and, on examination, proves that he came by it from a third party honestly. The magistrate discharges him, as he can do nothing else. Now, should this discharge be held to be *prima facie* evidence of want of probable cause?

The rule laid down in the case of *Vinal* v. *Core, supra,* is entirely too broad to fit all cases, and must, therefore, be regarded as a general rule, subject to exception and modification. Where the accused, on the other hand, has the opportunity of introducing his evidence before the magistrate, and of being fully heard, and he waives an examination, this undoubtedly raises a *prima facie* case of probable cause; for the presumption at once rises that a reasonably prudent man, accused of a crime, who was in a condition to show that the accusation was without probable cause, rather than rest under an unjust suspicion, would gladly seize the very first opportunity that presented itself to establish his innocence. His failure to do so is a matter of his own choosing, and for the unfavorable presumption cast upon him he has no one to blame but himself. If, in so doing, he acts with the malicious intention of increasing his own hardships, expenses and difficulties, for the purpose of enhancing any prospective damages he may seek to recover from his accuser, he ought not to be permitted to accomplish his purpose, but his damages should be limited to the unavoidable results of the prosecution. *King* v. *Colvin,* 11 R. I. 582.

It has been well said that "actions for malicious prosecutions are regarded by the law with jealousy. Lord Holt said, a hundred and fifty years ago, that they 'ought not to be favored, but managed with great caution.' Their tendency is to discourage prosecution for crimes, as they expose the prosecutors to civil suits. And the love of justice may not always be strong enough to induce individuals to commence prosecutions when, if they fail, they may be subjected to expense of litigation, if they be not mulcted in damages." This action should therefore "be carefully guarded, and its true principles strictly adhered to, that it may not, on the one hand, impede the free course of public justice, nor, on the

other, suffer malicious and causeless prosecutions to escape its grasp." *Stone* v. *Crocker*, 24 Pick. 83.

By these principles this case must be determined. The first instruction asked by the defendant was properly refused by the court, for the reason that it assumes as a fact the very matter in issue, to wit, that the statement made by the plaintiff before the justice was false. Plaintiff did not deny that he made the statement, but he did deny its falsity.

The fourth instruction is also bad, in that it negatives itself, and was therefore properly refused. It tells the jury, "if they believe from the evidence there was probable cause sufficient to warrant the justice in holding the plaintiff to answer an indictment, then it is immaterial whether or not there was evidence sufficient to warrant the grand jury in finding such indictment;" which, under the law, is equivalent to saying: "If there was probable cause, it is immaterial whether there was probable cause or not," for the same evidence that would warrant the justice in holding the plaintiff would warrant the grand jury in finding an indictment.

The defendant's eighth instruction tells the jury that if they believe from the evidence that the plaintiff had witnesses sent before the grand jury to prevent an indictment, this circumstance should be considered by them upon the question of probable cause. Under the law as heretofore stated, the fact that the plaintiff had witnesses before the grand jury to prevent the finding of an indictment destroyed such finding as *prima facie* evidence of want of probable cause as against the prosecutor, and an instruction to this effect, if asked, should have been given; and therefore the instruction under consideration was improper, for the reason that the fact that the plaintiff had his witnesses before the grand jury could have no bearing on the state of facts existing at the time the prosecution was commenced.

The second instruction asked by the defendant, to the effect that plaintiff's waiver of examination before the justice was *prima facie* evidence of probable cause at least, propounds the law correctly, and should have been given. On no other reasonable theory can plaintiff's waiver be accounted for than that he believed the evidence against him would

be sufficient to justify the justice in holding him to answer an indictment; and, while the presumption arising may not be held to be conclusive, it is at least *prima facie* correct, and if not rebutted or explained, would be conclusive.

The three instructions, Nos. 4, 7 and 8, given for the plaintiff over the objection of the defendant, are all founded on the finding of the grand jury; and as it is admitted that plaintiff had his witnesses sent before the grand jury, and by their testimony prevented, as must have necessarily been the case, the finding of an indictment against himself, and acquittal as to the accusation against him, he is precluded by his own conduct from relying on such acquittal as *prima facie* evidence of the want of probable cause, as the state of facts, testified to and explained by plaintiff's witnesses could not have been otherwise than materially different from the state of facts existing and unexplained and known to the defendant at the institution of the criminal proceedings. If not, why did the plaintiff have his witnesses before the grand jury?

For the foregoing reasons the judgment is reversed, the verdict of the jury set aside, and a new trial awarded.

------

NOTE BY HOLT, PRESIDENT:

I do not think the Circuit Court erred in refusing to instruct the jury that "the waiving of a preliminary examination by the plaintiff, when charged with crime, was *prima facie* evidence that there was at least probable cause sufficient to justify the defendant in making the complaint."

1. Now, when the modern tendency is to cut loose from artificial rules of evidence already created, as hampering the due adminstration of justice, I can see no good reason why we should overrule the circuit judges, who have daily experience of these evils, for refusing to create or apply new ones. "These artificial presumptions have no other effect than to disturb and obscure the judgment of juries in dealing with the evidence. Instead of dealing with the evidence in the natural way, according to their conscience and experience, and deciding according to common sense, they are told

to go according to some artificial rule of evidence which they understand but dimly, if at all, and may be thus induced to decide wrongly." See 1 Thomp. Torts 9.

2. The only case cited for it is *Vansickle* v. *Brown* (1878) 68 Mo. 627, 637. When we turn to the case we find that Henry, Judge, dissented, and Hugh, Judge, in delivering the opinion of the court, says: "If the finding of the magistrate on the facts proved before him makes a *prima facie* case, such waiving an examination, and voluntary entering into a recognizance, amounts to a confessing by the accused that there is probable cause"—citing *State* v. *Railey,* below. To us it is a clear case of *non sequitur*, and, on turning to the case referred to (*State* v. *Railey* [1864] 35 Mo. 168) we find that the docket of the justice is as follows: "*State of Missouri* v. *Lewis C. Railey* The defendant appeared before me, and waived an examination, and admitted that he did shoot H. E. W. McDearman on the 11th day of May, 1861, with intent to kill, and entered into bonds, *etc.* And Judge Bates, delivering the opinion on this point, says: "The justice's docket, though not showing an adjudication by the justice, shows an actual admission of the defendant that the crime had been committed, and not merely that there was probable cause to believe him guilty of it, but a direct and unequivocal admission of his guilt." On the other hand, in *Schoonover* v. *Myers* (1862) 28 Ill. 308, it was held, in effect, that such waiver was not an admission of probable cause. It might be well enough said that as the examining magistrate hears evidence and inquires into the facts and circumstances, and is presumed to be a fair minded man of common sense, when he reaches the conclusion that the offense has been committed, and there is probably cause to believe the accused to be guilty, and he sends the party on, such finding is, at least, *prima facie* evidence thereof. Here the presumption is not artificial, but it by no means follows that because the accused waives an examination, such waiver has the same significance. The magistrate makes no examination; hears no evidence; decides nothing except the sufficiency of the recognizance. The accused admits nothing; certainly he does not suppose himself to admit that there is probable cause for making the charge, when

he knows that it is without the slightest foundation, but is the result of the promptings of the malice or avarice of some secret, false, or open enemy to get possession of the thing in controversy; to force the payment of a false claim; to ward off a suit of prosecution, or for some other private end or sinister motive of personal hate or personal gain. And to have this artificial *non sequitur* forced upon him may be doing him great injustice in so important a matter; and, although he is not likely to sue, he does not wish to rest under such an imputation.

3. The plaintiff opens his case weighted with the burden of making the negative proof that the charge was made without reasonable probable cause. Is not that enough? Is he, in addition, to be handicapped with an unnatural inference, drawn by an artificial rule of evidence from conduct that can be reasonably explained and accounted for in other ways? He wishes to expose some blackmailer; to avoid the charge of buying off his accuser; to show clearly that the charge is wantonly made for some sinister motive of personal gain; he wishes to have himself vindicated by the action of the grand jury or court, or to have the matter practically ended once for all; he acts under the advice of counsel, and for some one or many reasons, which imply no guilt, does not wish at that stage to expose his hand. Such artificial inference, drawn from waiver, has no analogy to preliminary examination and commitment. To give it the same effect is not in accord with the general mode of regarding it. The rule is not called for by public policy or general convenience. It subserves no useful purpose in the administration of justice. Waiver is a circumstance in its own peculiar case; nothing more. To give it weight and efficiency as proof, which it does not have in and of itself, is certain to bewilder in some degree those whose course ought to be made practically plain, and is likely to mislead those who are expecting to be guided aright, as far as they are guided at all.