SHELTON v. SOUTHERN RY. CO.

(District Court, E. D., Tennessee.    March 19, 1918.)

No. 1730.

1. NEW TRIAL ⬥105—NEWLY DISCOVERED EVIDENCE.
    Newly discovered evidence, merely to contradict a witness, is not suffi-
    cient to warrant a new trial.

2. NEW TRIAL ⬥104(1)—NEWLY DISCOVERED EVIDENCE—CUMULATIVE EVI-
    DENCE.
    Newly discovered evidence, which is merely cumulative, is not ordinari-
    ly ground for a new trial.

3. NEW TRIAL ⬥108(1)—NEWLY DISCOVERED EVIDENCE—CONCLUSION.
    Where newly discovered evidence is not so conclusive as to raise a
    reasonable presumption that the result of a new trial would be different
    from the first, it is insufficient as ground for new trial.

4. MALICIOUS PROSECUTION ⬥24(7)—WANT OF PROBABLE CAUSE—PRIMA FA-
    CIE EVIDENCE.
    Where a grand jury hears only the witnesses for the prosecution and
    determines only the question of probable cause its failure after investiga-
    tion to return an indictment is prima facie evidence of want of probable
    cause.

5. MALICIOUS PROSECUTION ⬥24(6)—WANT OF PROBABLE CAUSE—PRIMA FA-
    CIE EVIDENCE.
    Where a magistrate, who sits as a committing magistrate merely, and
    not to try a case on the merits, discharges the defendant, such discharge
    is prima facie evidence of want of probable cause.

6. ESTOPPEL ⬥68(4)—EQUITABLE ESTOPPEL.
    Where defendant, having sworn out a warrant against plaintiff, can-
    not, in a subsequent action for malicious prosecution, deny that prosecu-
    tion was under such warrant, on the ground that plaintiff was not present
    at the preliminary proceedings or arrested under the warrant, for a de-
    fendant cannot in one judicial proceeding deny the validity of steps
    taken by it in another, which would impute a fraud upon the administra-
    tion of justice in such proceeding.

7. ESTOPPEL ⬥107—EQUITABLE ESTOPPEL—PLEADING.
    Generally speaking, an estoppel in pais need not be pleaded; it being in
    effect a rule of evidence.

8. ESTOPPEL ⬥110—EQUITABLE ESTOPPEL—PLEADING.
    At common law, as distinguished from code pleading, an estoppel in
    pais is available as a defense under the general issue.

9. COURTS ⬥347—PRECEDENTS—DECISION OF STATE COURT.
    Under the Conformity Act (Comp. St. § 1537), a decision of the highest
    court of the state as to the necessity of a pleading in estoppel, if intend-
    ed to establish a general rule of pleading, is binding on a federal court
    sitting within the state.

10. ESTOPPEL ⬥110—PLEADING—NECESSITY.
    In an action for malicious prosecution, where plaintiff alleged a prose-
    cution under a warrant, and defendant merely pleaded the general issue,
    without averring specifically the invalidity of the proceedings before a
    justice of the peace begun on such warrant, and the proceedings before
    the justice showed prima facie at least that plaintiff was bound over on
    the warrant, plaintiff, without specifically pleading the same, may rely
    on the estoppel precluding defendant from denying that plaintiff was bound
    over on such warrant, for, if a party have not an opportunity to show an
    estoppel by pleading, he may exhibit the matter thereof in evidence.

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

11. MALICIOUS PROSECUTION ⊂⊃64(1)—ACTION—PROOF.

The plaintiff, in an action for malicious prosecution, is not required to prove his own innocence; it being sufficient, to establish a prima facie case, that he show malice and want of probable cause.

12. MALICIOUS PROSECUTION ⊂⊃40, 56—ACTIONS—DEFENSES.

While, as a matter of public policy, an action for malicious prosecution will not lie in favor of a guilty plaintiff, and defendant by way of defense may show plaintiff's guilt, the burden of establishing such defense is on the defendant.

13. TRIAL ⊂⊃344—VERDICT—IMPEACHMENT.

A verdict cannot be impeached as a quotient verdict on evidence of the jurors.

14. MALICIOUS PROSECUTION ⊂⊃69—DAMAGES.

An award of $1,400, in, an action for malicious prosecution of a criminal proceeding wherein defendant was charged with unlawfully breaking into a railroad car, is not so excessive as to warrant new trial.

At Law. Action by Horace Shelton against the Southern Railway Company. On defendant's motion for new trial. Motion denied.

Pickle, Turner, Kennerly & Cate, of Knoxville, Tenn., for plaintiff.
L. D. Smith, of Knoxville, Tenn., for defendant.

SANFORD, District Judge. My conclusions are:

1. The verdict is not so clearly and manifestly against the weight of the evidence as to warrant its being set aside. Mt. Adams Ry. v. Lowery (6th Cir.) 74 Fed. 463, 472, 20 C. C. A. 596; Felton v. Spiro (6th Cir.) 78 Fed. 576, 582, 24 C. C. A. 321.

[1-3] 2. The affidavits as to the identity of De Witt Smith do not warrant the granting of a new trial upon the ground of newly discovered evidence. This is offered to contradict the testimony of Humbert that Smith was a white man, of Lexington, Kentucky. Newly discovered evidence merely to contradict a witness is not sufficient, however, to warrant a new trial. Lowry v. Mt. Adams Railway Co. (C. C.) 68 Fed. 827, 829. Furthermore on the point offered these affidavits were merely cumulative, as there was evidence on the trial that the plaintiff had himself brought a negro to the Knoxville depot and introduced him as De Witt Smith. Newly discovered evidence, which is merely cumulative, is not ordinarily ground for a new trial. Lowery v. Mt. Adams Railway Co. (C. C.) 68 Fed., supra, at p. 828; Flint v. Insurance Co. (C. C.) 71 Fed. 210, 221; Wright v. Express Co. (C. C.) 80 Fed. 85. The question of Smith's identity was furthermore merely collateral; the affidavits are merely negative; and the counter affidavits introduced by the plaintiff indicate that in fact Smith was a white man then living in Knoxville, who had formerly lived in Lexington. On the whole, I think the newly discovered evidence is not so conclusive as to raise a reasonable presumption that the result of a new trial would be different from the first; it is hence insufficient as ground for a new trial. Stoakes v. Monroe, 36 Cal. 383, 388; Armstrong v. Davis, 41 Cal. 494, 500; State v. Montgomery, 37 Utah, 515, 520, 109 Pac. 815. And see Williams v. United States, 137 U. S. 113, 137, 11 Sup. Ct. 43, 34 L. Ed. 590; Turner v. Schaeffer (6th

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Cir.) 249 Fed. 654, 657, —— C. C. A. ——; and Goldsworthy v. Linden, 75 Wis. 25, 34, 43 N. W. 656.

[4, 5] 3. I find no error in the charge of the court in the matters complained of.

(a) While there is some conflict of authority on the question, I think the true rule is that where the grand jury, as in Tennessee, hears only the witnesses for the prosecution and determines only the question of probable cause, its failure, after investigation, to return an indictment, is prima facie evidence of want of probable cause. Ambs v. Atchison Railway Co. (C. C.) 114 Fed. 318, 320; Brant v. Higgins, 10 Mo. 728, 734; Vinal v. Core, 18 W. Va. 1, 42; Brady v. Stiltner, 40 W. Va. 289, 293, 21 S. E. 729; Hanchey v. Branson, 175 Ala. 236, 245, 56 South. 971, Ann. Cas. 1914C, 804. So, too, where a magistrate who sits as a committing magistrate merely, and not to try a case on the merits, discharges the defendant. Williams v. Norwood, 2 Yerg. (Tenn.) 320, 336; Vinal v. Core, 18 W. Va., supra, at p. 42; Brady v. Stiltner, 40 W. Va., supra, at p. 293, 21 S. E. 729; Hanchey v. Branson, 175 Ala., supra, at p. 245, 56 South. 971, Ann. Cas. 1914C, 804; Smith v. Clark, 37 Utah, 116, 130, 106 Pac. 653, 26 L. R. A. (N. S.) 953, Ann. Cas. 1912B, 1366. I hence find no error in the portion of the charge relating to this question.

[6] (b) The declaration alleged that the defendant, by its agent, swore out a warrant against the plaintiff charging him with unlawfully breaking into a railroad car, etc., that the plaintiff was arraigned on said charge before the justice, pleaded not guilty and was thereupon bound over to the criminal court, etc. While it was not specifically averred that the defendant was arrested under this warrant, it was necessarily implied, either that he had been arrested under it or entered his appearance to it, and that proceedings were had before the magistrate under this warrant, after his personal appearance before the magistrate. The charge to the jury which is complained of was in substance that even if the plaintiff was not in fact arrested under this warrant or present at the proceedings under it before the magistrate, nevertheless that if the jury found that certain proceedings were there had in his absence by which the warrant was treated as that upon which he was to be prosecuted, the defendant would not be in a position to deny that the prosecution was under this warrant, no matter whether he was actually arrested under it or not. The theory upon which this charge was given, although not expressed at the time, was that the facts hypothetically stated to the jury amounted to an estoppel and prevented the defendant from denying that the criminal prosecution was had under this warrant. The defendant excepted to this portion of the charge on the ground of "variation," evidently meaning variance.

I am of opinion that, if the facts were found by the jury as stated in this portion of the charge, the defendant was clearly estopped to deny that the plaintiff was in fact bound over to the criminal court on the prosecution commenced on the warrant sworn out by its agent. A defendant cannot be permitted in one legal proceeding to deny the validity of steps taken by it in another proceeding which would im-

pute to it a fraud upon the administration of justice in such other proceeding. Philadelphia Ry. v. Howard, 13 How. 307, 334, 14 L. Ed. 157.

There was no objection to the evidence at the trial on the ground of variance. In fact, much of the evidence on this question was introduced by the defendant itself, substantially in the effort to impeach the proceedings before the justice showing on their face that the plaintiff was bound over on this warrant. It need not, however, be now determined whether objection on the ground of variance must be taken to the evidence or may thereafter be taken by exception to the charge. See 31 Cyc. 754, 758, and cases cited. Irrespective of this question, I am of opinion that the charge in question was correct, provided the plaintiff could prove the substantial averments of the declaration by an estoppel in pais without having specially alleged the same in the declaration or in a replication.

[7, 8] Generally speaking an estoppel in pais need not be pleaded. 1 Rawle's Bouv. 1084, citing Bigelow, Estoppel, 765; estoppel being, in effect, a rule of evidence. 1 Rawle's Bouv. 1078, and authorities cited. At common law, as distinguished from code pleading, an estoppel in pais is held available as a defense under the general issue. 8 Enc. Pl. & Pr. 67; 16 Cyc. 806.

[9, 10] Upon the specific question whether a plaintiff may rely upon an estoppel in pais as proving the cause of action alleged, without having averred the same originally or by way of replication, there is a conflict of authority.

In Plumb v. Curtis, 66 Conn. 154, 163, 33 Atl. 998, 1003, it was said:

"At common law an estoppel in pais was never regarded as in itself a substantive ground of recovery, to be put forward in pleading as part of the plaintiff's case. It was merely a mode of shutting off a defense. A plaintiff who sued upon a cause of action, the existence of which the defendant was equitably estopped from denying, stated the facts necessary to constitute the cause of action in his complaint as if they existed, and if a denial were pleaded, did not reply specially, stating the matter of estoppel, but simply introduced it in evidence to support his original averments. Hawley v. Middlebrook, 28 Conn. 527, 536."

So, in Spears v. Walker, 1 Head (Tenn.) 166, 169, it was held that a plaintiff in ejectment might prove the boundary of the land sued for by an estoppel in pais against the defendant, arising out of the evidence, although, so far as appears, such estoppel had not been pleaded.

If intended as establishing a general rule of pleading in Tennessee this decision would of course now be binding on this court under the Conformity Statute, Rev. St. § 914 (Comp. St. § 1537). However, in Wood v. Jackson, 8 Wend. (N. Y.) 9, 36, 22 Am. Dec. 603, the plaintiff's right to prove his title by estoppel, without pleading, was referred to as an exception to the general rule. And see, to the same effect, 2 Abb. Tr. Brf. Plead. 1444.

On the other hand, in Philadelphia Railroad v. Howard, 13' How., supra, at p. 334, 14 L. Ed. 157, the Supreme Court, in speaking in reference to the plaintiff, said that the rule was well settled that if a party has a right to plead an estoppel and voluntarily fails to do so, tender-

ing or taking issue on the fact, he waives the estoppel and commits, to the jury the finding of the truth; citing 1 Saund. 325a, n. 4. So in Jacobs v. Bank, 15 Wash. 358, 361, 46 Pac. 396, it was held that the plaintiff could not rely, as a ground of recovery, upon an estoppel in pais not specially averred. And see, inferentially, City of Ironton v. Harrison (6th Cir.) 212 Fed. 353, 357, 129 C. C. A. 29, in which it was held that as the facts alleged showed the estoppel, the plaintiff might have the benefit of it, though he had not pleaded it in terms.

However, in Philadelphia Railway v. Howard, 13 How. supra, at p. 335, 14 L. Ed. 157, the court said, speaking of the plaintiff, that. if a party have not an opportunity to show the estoppel by pleading, he may exhibit the matter thereof in evidence on the trial, and held that as the plaintiff had sued upon a sealed instrument and the defendant had merely pleaded non est factum, the plaintiff need not allege an estoppel by which the defendant was not permitted to deny that the instrument was under its seal, but might rely on this in evidence, without replication. To the same effect are Lord v. Bigelow, 8 Vt. 445, 448; Wood v. Jackson, 8 Wend. (N. Y.) supra, at p. 36, 22 Am. Dec. 603, and 2 Abb. Tr. Brf. Plead. 1444.

Without determining the broad rule of pleading which should be generally followed as to estoppel by a Federal Court sitting in Tennessee, I am of opinion that in any event the instant case fairly falls within the rule stated by the Supreme Court in the Howard Case. The plaintiff here had alleged a prosecution under this warrant. The defendant merely pleaded the general issue, without averring specially the invalidity of the proceedings before the justice. The proceedings before the justice showed, prima facie, at least, that the plaintiff was bound over to court on the warrant sworn out by the defendant's alleged agent. The defendant relied upon evidence impeaching or tending to impeach the proceedings before the justice, and showing or tending to show that in fact the plaintiff was not legally bound over on this warrant. Under these circumstances, I think the plaintiff, without any affirmative pleading, was entitled to reply to this that even if the evidence did not show that the plaintiff was in fact legally bound over on this warrant, it did establish an estoppel against the defendant from denying that fact. I therefore conclude that there was no error in the charge in this respect.

[11, 12] (c) The plaintiff in an action for malicious prosecution is not require to go further than to prove malice and want of probable cause. He need not prove his own actual innocence to support the action. Moore v. Sauborin, 42 Mo. 492, 494; McGowan v. Rickey, 64 N. J. Law, 402, 404, 45 Atl. 804; 26 Cyc. 27. And while, as a matter of public policy, such action will not lie in favor of a guilty plaintiff, and the defendant may hence, by way of defense, show the plaintiff's actual guilt (Ann. Cas. 1914C, 809), I am of opinion that the burden of establishing such defense necessarily rests upon the defendant, as the jury were instructed.

[13] 4. The verdict cannot be set aside on the ground that it was arrived at as a quotient verdict; evidence of the jurors on this point being inadmissible. McDonald v. Pless, 238 U. S. 264, 267, 35 Sup.

Ct. 783, 59 L. Ed. 1300. And see Hyde v. United States, 225 U. S. 347, 383, 32 Sup. Ct. 793, 56 L. Ed. 1114, Ann. Cas. 1914A, 614. Furthermore the evidence, in so far as introduced on the hearing on the motion for new trial, did not establish the fact that there was a quotient verdict; the defendant, in view of the ruling then made by the court, resting before the proof on this question had been completed.

[14] 5. Under all the circumstances, and in view of the serious nature of the charge upon which the plaintiff was prosecuted, I do not find that the verdict was so excessive as to justify the granting of a new trial.

6. The motion for new trial will accordingly be denied and judgment entered on the verdict.